NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JARVIS DEMOND CRUSH, *Appellant.*

No. 1 CA-CR 14-0735
FILED 7-28-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-000437-001
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

¶1        Jarvis Demond Crush ("Defendant") appeals from his conviction and sentence for second degree murder, a class one dangerous felony and attempted second degree murder, a class two dangerous felony. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

¶2        Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1]  Finding no reversible error, we affirm.

### Facts and Procedural History[2]

¶3        Defendant was indicted for count one, first degree murder, and count two, attempted first degree murder.  The charges were based on a shooting incident involving two victims, A.D. and A.M.

---

[1]      Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]      We view the evidence in the light most favorable to sustaining the convictions and resulting sentences.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶4          On January 14, 2013, the victims were confronted by Defendant in a parking lot of an apartment complex.  The victims and Defendant knew each other, and had recently had a dispute over money.  Defendant eventually pulled a gun out of his waistband and shot A.D in the head.  A.D. later died from the gunshot wound.

¶5          After shooting A.D., Defendant shot A.M. in her left arm and side.  Defendant then fled from the scene.

¶6          At the hospital, A.M. identified Defendant as the shooter, and provided the police with Defendant's first name and physical description.  A.M. was not sure of Defendant's last name, but after contacting A.D.'s sister, was able to provide it to the police.  A.M. subsequently identified Defendant as the shooter from a photographic lineup.

¶7          After Defendant was charged, he filed a motion for a Rule 11 evaluation, which the trial court granted.  The trial court subsequently found defendant competent to stand trial based on the written reports of the evaluating doctors.

¶8          A jury trial commenced on June 2, 2014.  On June 11, 2014, the jury found defendant guilty of second degree murder, a lesser-included offense of count one; and attempted second degree murder, a lesser-included offense of count two.  The jury determined both offenses were dangerous nature offenses.

¶9          At sentencing, the court imposed a presumptive prison term of 16 years as to count one, with 623 days credit for time served.  As to count two, the trial court imposed a slightly mitigated prison term of 9.5 years.  The trial court ordered the prison term imposed for count two to run consecutively to the prison term imposed for count one.

**Discussion**

¶10          We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none.  *Clark*, 196 Ariz. at 541, ¶ 49.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the guilty verdicts.  Defendant was present and represented by counsel at all critical stages of the proceedings.  At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

**¶11** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama